ON SUPERVISORY WRITS TO THE TWENTY-SECOND JUDICIAL DISTRICT COURT, PARISH OF ST. TAMMANY
PER CURIAM:
11 Denied. Relator fails to show he received ineffective assistance of counsel under the standard of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In addition, relator’s claim of prosecutorial misconduct is repetitive and/or unsupported, La.C.Cr.P. art. 930.2, and barred from collateral review by La.C.Cr.P. art. 930.4. We attach hereto and make a part hereof the district court’s written reasons denying relief.
Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in accord with La. C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive ^application applies, relator has exhausted his right to state collateral review. The district court is ordered to record a minute entry consistent with this per curiam.
Attachment A
STATE OF LOUISIANA VERSUS JERRY PRICE
FILED: September 15, 2015
NO. 496718 “J”
22ND JUDICIAL DISTRICT COURT
PARISH OF ST. TAMMANY
STATE OF LOUISIANA
/§/ DEPUTY CLERK
REASONS FOR JUDGMENT
On May 13, 2015, petitioner Jerry Price filed an Application for Post Conviction Relief. On May 28, 2015, the Court ordered .the District Attorney’s office to file an answer or procedural objections thereto. Through a clerical error, the District Attorney’s office did not receive notice of this order until August 20, 2015. On August 28, 2015, the District Attorney filed an answer to the application.
*1266 Petitioner Price raises three claims in his application and supporting memorandum. First, Price contends that his trial counsel was ineffective in that counsel failed to prepare adequately for trial or to conduct any meaningful investigation of the case. Petitioner Price fails to provide any support to the mere allegations and conclusory statements that his trial counsel failed to properly investigate the case and was ineffective. In order to carry his burden of proof relative to an ineffective assistance of counsel claim, petitioner must offer proof beyond general, conclusory statements. Petitioner Price has not done so. Therefore, the Court finds that this claim is without merit and it is denied.
Secondly, petitioner argues that the State appealed to the prejudice of the jurors in closing arguments and undermined the outcome of the trial by referring to “credibility of the truthfulness and identity of the detectives and confidential informants.” Additionally, petitioner Price argues that the prosecutor’s statements during closing argument were prejudicial when he used the phrase “smoking gun.” Again, petitioner has failed to demonstrate, beyond mere conclusory allegations, how the prosecutor’s closing remarks were prejudicial and how they denied him a fair trial. The Court finds this claim is without merit and it is likewise denied.
In his third claim, Petitioner states that the prosecutor gave his personal opinion on the evidence and also withheld evidence. Again, petitioner fails to offer any support for this claim and fails to identify what evidence was allegedly withheld. Therefore, the Court finds this claim is without merit and it is denied. The Court notes that petitioner Price also identified claims in his | ¿application which were not addressed in the memorandum. Petitioner Price states that the prosecution failed to prove beyond a reasonable doubt that the defendant was disposed to commit the act prior to first being approached by government agents, and that the law enforcement involved formulated plans wherein detectives would work in an undercover capacity. Petitioner Price states that a confidential informant was instructed by law enforcement “to attempt to identify Jerry Price distribution of cocaine in St. Tammany Parish and if the opportunity presented itself to make small purchases” of controlled dangerous substances. Petitioner Price offers no support for these claims and does not elaborate upon them in the memorandum attached to his application. The Court finds that the record of this matter demonstrates that the First Circuit Court of Appeal reviewed the record for errors patent and ultimately affirmed defendant Price’s convictions, habitual offender adjudication and sentences. Thereafter, the Louisiana Supreme Court denied writs on October 10, 2014.
Accordingly, the Court denies the Application for Post Conviction Relief filed by petitioner Jerry Price and dismisses the application in its entirety.
Covington, Louisiana, this 1# day of September, 2015.
(É Judge William J. Knight 22nd Judicial District Court, Division “J”
Attachment B
STATE OF LOUISIANA VERSUS JERRY PRICE
FILED: September 15, 2015
NO. 496718 “J”
22ND JUDICIAL DISTRICT COURT
PARISH OF ST. TAMMANY
STATE OF LOUISIANA
M DEPUTY CLERK
*1267 JUDGMENT
In accordance with the foregoing Reasons for Judgment;
IT IS ORDERED, ADJUDGED, AND DECREED that petitioner Jerry Price’s Application for Post Conviction Relief be and is hereby denied and dismissed in its entirety.
Covington, Louisiana, this 1#¡ day of September, 2015
M Judge William J. Knight 22nd Judicial District Court, Division “J”